IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN d/b/a APEX ISP SERVICES,<br><br>   Plaintiff,<br><br> v.<br><br>CHRISTOPHER J MUNGER, CASH FLOW INC., JESUS CHAVEZ, and DOES 1-100,<br><br>   Defendants.<br>                / | No. C 07-0996 SI<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

   On January 30, 2009, the Court heard oral argument on plaintiff's motion for default judgment. Having considered the arguments of plaintiff and the papers submitted in support of his motion, and for good cause shown, the Court rules as follows.

   Default was entered against all defendants on February 25, 2008. Plaintiff now moves for default judgment of $112,200 in damages and $350 in costs. Plaintiff's unanswered complaint alleges that Apex ISP Services is an internet service provider, that Apex received 187 e-mails from defendants, and that each of the e-mails was sent in violation of the CAN-SPAM Act of 2003, 15 U.S.C. §§ 7701. Specifically, plaintiff alleges that all 187 e-mails violated 15 U.S.C. § 7704(a)(1), which prohibits the sending of commercial e-mails with "false or misleading information." Plaintiff claims that the e-mails were misleading because the identifying information in the header did not accurately identify the sender. The Court finds that under 15 U.S.C. § 7706(g)(3)(A)(i), plaintiff is entitled to $100 in damages for each of the 187 e-mails.

   Plaintiff claims that each e-mail also violated 15 U.S.C. § 7704(a)(2). This section prohibits the sending of commercial electronic messages with deceptive subject headings. The subject heading in

the e-mails at issue was "Refinance Approval (Lowest: 30 Y, Fixed - 4.14%)." Plaintiff claims this heading was misleading because it was not related to the content of the e-mail. The body of the e-mail, however, concerned refinancing of mortgages. Accordingly, the Court finds that damages under § 7704(a)(2) are not warranted.

Plaintiff argues that each of the e-mails also violated 15 U.S.C. § 7704(a)(3), which prohibits the sending of commercial e-mails that do not contain a functioning return e-mail address. Plaintiff alleges in his complaint that the e-mails did not contain a valid return address. The Court finds that under 15 U.S.C. § 7706(g)(3)(A)(ii), plaintiff is entitled to damages of $25 for each of the 187 e-mails.

Plaintiff contends that the emails violated 15 U.S.C. § 7704(a)(5), which prohibits the sending of commercial e-mails that do not include an opt-out address. Plaintiff alleges in his complaint that the e-mails did not contain a valid opt-out address. The Court finds that under 15 U.S.C. § 7706(g)(3)(A)(ii), plaintiff is entitled to damages of $25 for each of the 187 e-mails.

Plaintiff also seeks aggravated damages under 15 U.S.C. § 7706(g)(3)(C)(i). The Court finds that aggravated damages are not warranted because plaintiff merely alleges that defendants acted "willfully and knowingly" but does not plead facts in support of this conclusion.

Finally, plaintiff moves for $350 in costs to cover the cost of filing this action. The Court finds that under the circumstances of this case, an award of costs is not warranted.

In sum, plaintiff is entitled to $150 in statutory damages for each of the 187 commercial e-mails sent by defendants. The Court hereby enters judgment in plaintiff's favor against defendants in the amount of $28,050.

**IT IS SO ORDERED.**

Dated: 2/2/09

SUSAN ILLSTON
United States District Judge